Case 6:24-cv-00593-ADA   Document 1   Filed 11/18/24   Page 1 of 6

FILED
November 18, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cav_____
              DEPUTY

11/15/24

W: 24-CV-593

My name is Shavit McNair and I am a inmate at the Bell County Jail in Belton, TX where I have been incarcerated for the last 12 months (so#224797) awaiting dispensation of my case (cause#23DC88566). Like so many others in Bell County and throughout the state of Texas, I have been fighting for my freedom all alone with nothing more at my disposal than a search bar on the "law library" which can only be accessed for a few limited hours each day.

But without the "law library" I will have no hope at all. Without the law library I wouldn't have been able to contact you.

On October 25, 2024 I was arrested in Killeen, Texas and accused of the crime of Aggravated Assault w/ deadly weapon. The arresting officer MacMurray #459 transported me to Killeen Police Department where I was booked and subsequently magistrated by a local judge (          ) who appraised of the charge against me and my bond was set at $175,000 despite me informing him that I was indigent and wouldn't be able to pay such a large sum. Furthermore, during the magistration process I was left to face my accusers behind closed doors wholly defenseless without legal counsel available to examine the validity of the states probable cause for arrest nor to advocate on my behalf for a reduction in bond. My family was not allowed to be present either just to show me their support. I

(1)

was truly outgunned and all alone. And still to this day my rights are being violated.

Feeling as though I had been "put together" and "sent upriver," I began researching magistration in the state of Texas and discovered 3 very important cases that addressed the very issues that were causing me so much concern.

In order: [Rothgery v. Gillespie County 554 U.S. 191 212 p.16.128 S.C.T. 2578 371 L. ED. 2d 366 (2008)]

In 2008, the Supreme Court determined that Walter Rothgery was illegally held by authorities in Gillespie County after a central database erroneously indentified Rothgery as a felon. He was arrested for unlawful possession of a firearm by felon. He was arrested by felon, in their decision the Supreme Court held that had he had counsel made available at the time that he was magistrated to examine the states probable cause for arrest he would have never been formally charged much less held in detention awaiting trial (as would have been the case--at the time-- in forty three out of fifty states).

For this reason the Supreme Court ruled that in Texas magistration represents the "point of attachment" for the Sixth Amendment right to counsel. Despite this ruling the state of Texas has stubbornly refused to alter their processes and procedures.

Thus leading to:
[Smith v. Galveston County. 1:23 CV-910-RP (W.D Tex Feb 5, 2019)]

In this case (primarily concerned with what the fifth Circuit U.S. Court referred to as Galveston County's "wealth-based detention system") stated in part "The importance of providing counsel an initial detention hearing is underscored by empirical research which indicates that the case outcomes for pretrial detainees are much worse than for those who are released pending trial.

Importantly "citing the Supreme Court opinion in Rothgery Judges claim that there is no Sixth Amendment right to counsel at magristration, The court disagree."

Despite those rulings supposedly representing "the law of the land" Bell County continues to operate in flagrant of this law: Five years after the Booth decision and nearly twenty years after the Supreme Court decision in Rothgery.

Surely sixteen years should have been plenty of time for Bell County to get their affairs in order. Which brings me to the third case I would like to address and the reason why today I seek to appeal to you directly. [Tex Tribune v. Coldwell County - 1:23-CV-910 RP (W.D. Tex Feb. 5, 2024]

In Texas the right [to counsel] specifically attachs when an accused is brought before magistrate as required by state law for a hearing at which probable cause determination is made, bail is set and the defendant is formally appraised of the accusation against him. The Supreme Court and the Fifth Circuit have attached Constitutional rights to

(3)

bail hearings. As I read this — and I don't see how it could be waived or read any other way -- the judge in his decision regarding your case against the authorities in Coldwell County has stated the arguements that I am attempting to make on my own. Then one step further, your arguement that denying the public access to these magistration proceedings jeopardizes public accountability of our criminal justice system and denies the First Amendment rights of organizations such as your own echoes my concerns and those of my family members who have been denied access to similar proceedings when they have sought to be present to provide moral support to myself in my times of trouble. And for this reason I have written you today to seek any and all advice and support that you might have to provide in stating my case appropriately and shedding the brightest light possible on this ongoing criminal enterprise being continuely operated under the guise of Criminal Justice in Bell County, Coldwell County and so many other counties throughout the "Great State of Texas.

(4)

Please reach out and contact me directly through my listing on Smartcommunications.com (Sharif Rashawn McNair #2247497) so that we might discuss this matter directly and in greater detail. I am here to help with any questions that could be asked.

My warmest Regards,

Sharif McNair

Sharif R. McNair

Bell County Law Enforcement Center
113 West Central
Belton, Texas 76513
Name: Sharif McNair
Housing Unit: _____

United States District Court
Western District of Texas
800 Franklin Avenue Room 380
Waco, Tx 76701

RECEIVED
NOV 18 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK